COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


DAVID MICHAEL FRICKE

                                    MEMORANDUM OPINION* BY
v.    Record No. 0035-01-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       NOVEMBER 13, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                  Buford M. Parsons, Jr., Judge Designate

              (Eddie R. Vaughn; Steven M. Marks; Law Office
              of Eddie R. Vaughn, on brief), for appellant.
              Appellant submitting on brief.

              Marla Graff Decker, Assistant Attorney
              General (Randolph A. Beales, Acting Attorney
              General, on brief), for appellee.


     David Michael Fricke (appellant) was convicted of obstruction

of justice, in violation of Code § 18.2-460(A).  Appellant

contends the police did not have probable cause to detain him and

the evidence was insufficient to convict him of obstruction of

justice.  Because appellant's arguments are procedurally barred by

Rule 5A:18, we affirm.

                          I.  BACKGROUND

     Officers Thomas O. McCullough and Christopher Hugate of the

Chesterfield County Police Department responded to a report of a

trespasser at a 7-Eleven store.  An employee of the store

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

identified appellant as the trespasser and told the officers that appellant had been notified that he was banned from the property. The officers approached appellant and attempted to talk to him. Appellant responded with "explicatives [sic]," refused to tell the officers his name or produce identification, and when questioned further tried to leave the store. Appellant then bumped into McCullough "chest to chest" and McCullough grabbed appellant's left arm. Appellant swung at McCullough and hit him twice in the shoulder. An altercation ensued. The officers managed to put appellant face down on the ground where he continued to kick and spit and attempted to escape. About ten minutes later, additional officers arrived, and appellant was arrested.

Appellant testified at trial that he received a phone call from someone who identified himself as a police officer and told him he was banned from the 7-Eleven. Appellant thought his estranged girlfriend was playing a trick on him, and he returned to the store to find out the truth.

Appellant failed to make a motion to strike the evidence as insufficient at the end of the Commonwealth's case or at the end of the trial. Appellant also failed to raise at trial any allegation that the police did not have probable cause to detain him. The trial court found appellant guilty of obstruction of justice.

## II. ANALYSIS

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). <u>See</u> Rule 5A:18.[1]

In the instant case, appellant failed to raise before the trial court either a lack of probable cause to arrest or whether the evidence was sufficient to convict him of obstruction of justice. Thus, he is barred from raising those issues for the first time on appeal.

Further, the record sets forth no reason for us to apply the "ends of justice" exception to the application of Rule 5A:18.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed</u>.

---

[1] Rule 5A:18 provides:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

-